IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL YARBROUGH, #237081,  )  |  |  |
|     Plaintiff,  )  |  |  |
| )  |  |  |
| v.  )  | 3:07-CV-0171-R  |  |
| )  | ECF  |  |
| HOME DEPOT INC., et al.,  )  |  |  |
|     Defendants.  )  |  |  |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Terrell Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Rosharon, Texas. Defendants are Home Depot Inc., Loss Prevention Officer Richard Barber, and Assistant Store Manager Eddie Escamilla. The Court did not issue process in this case pending preliminary screening.

Statement of Case: Plaintiff seeks to sue the Defendants for civil assault and battery while he was pushing a shopping cart behind a Home Depot store in Dallas, Texas. He seeks monetary relief.

Findings and Conclusions:  The Court has permitted Plaintiff to proceed *in forma pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e), which imposes a screening responsibility on the district court.  Section 1915(e) provides in pertinent part that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2)(B).

Section 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Plaintiff filed the complaint on the form to be used by prisoners in filing civil rights actions pursuant to 42 U.S.C. § 1983.[1]  That section affords redress only for conduct committed by a person acting under color of state law and does not ordinarily involve conduct of a private citizen or corporation.  *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004); *Scott v. Moore*, 85 F.3d 230, 233 (5th Cir. 1996); *Thibodeaux v. Bordelon*, 740 F.2d 329, 332 (5th Cir.

---

[1]    42 U.S.C. § 1983 provides in relevant part as follows:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

1984).  Defendants are Home Depot, a private corporation, and two private citizens who work for Home Depot.  As such their conduct is not cognizable under § 1983.  Accordingly, Plaintiff's complaint, insofar as it relies on § 1983, lacks an arguable basis in law and should be dismissed with prejudice as frivolous.

Even when liberally construed in accordance with Plaintiff's *pro se* status, the complaint fails to allege federal subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001) (subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action); *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988) (same).

The complaint fails to allege a federal question arising under the Constitution or federal law.  *See* 28 U.S.C. § 1331.  Plaintiff merely complains about civil assault and battery.

Absent a federal question, <u>complete</u> diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction.  *See* 28 U.S.C. § 1332(a).  It is clear from the face of the complaint that Plaintiff and Defendants Barber and Escamilla are all citizens of the State Texas thereby foreclosing jurisdiction based upon diversity of citizenship.  Accordingly, Plaintiff's complaint should be dismissed for want of jurisdiction.

RECOMMENDATION:

For the foregoing reasons, it is recommended that, insofar as the complaint relies on 42 U.S.C. § 1983, it should be dismissed with prejudice as frivolous, *see* 28 U.S.C. § 1915(e), and that insofar as it relies on 28 U.S.C. § 1331 and 1332, it should be dismissed for want of jurisdiction.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 10th day of May, 2007.

*Wm. F. Sanderson, Jr.*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.